## O'HARE v. THE STEAM-TUG BRILLIANT.

*(District Court, E. D. New York. July 16, 1880.)*

1. NEGLIGENCE—CANAL-BOAT IN TOW OF TUG—MEASURE OF DAMAGES.
   A canal-boat, while in the tow of a tug, was negligently run upon a sunken wreck, without any fault upon the part of the canal-boat. *Held*, that the liability of the tug was limited to the cost of pumping the canal-boat from the time of the accident till she was taken to the dry dock, the value of any personal property on board the boat, and belonging to the libellant, that was destroyed by the accident, and demurrage for the boat from the time of the accident till the time she was let off the ways, after being repaired, at the rate of four dollars a day.

*T. C. Campbell*, for O'Hare.

*Beebe, Wilcox & Hobbs*, for the steam-tug Brilliant.

BENEDICT, D. J. After examining the evidence in this case I have arrived at the following conclusions: The tug Bril-

liant took the canal-boat Starry Flag to tow her up Newtown creek, on the East river, and while towing her up the creek ran her upon a sunken wreck. The tug had the canal-boat along-side, and it is impossible, therefore, to attribute the accident to any negligence on the part of the canal-boat. The existence and locality of the sunken wreck were known to those navigating the tug, and with care the canal-boat could have been taken past the wreck in safety. The striking of the canal-boat upon the wreck must, therefore, be attributed to a want of care on the part of the tug, and the defendants, her owners, are responsible to the libellant for the necessary damage resulting therefrom.

After the accident the canal-boat was pumped out by her owner, and delivered to the defendants for the purpose of being repaired by them. All the repairs necessary to be done to the canal-boat, to make good the damage caused by striking the wreck, were thereafter done at the expense of the defendants, and the same paid for by them. The claim of the libellant that his boat, while being raised by the defendants for the purpose of being repaired, received additional serious injuries, which the defendants did not repair, is not sustained by the weight of the evidence. No damage sustained by the boat after she was repaired and sent off the ways by the defendants can be charged against them; and their liability in this action is limited to the cost of pumping the canal-boat from the time of the accident till she was taken to the dry dock, the value of any personal property on board the boat, and belonging to the libellant, that was destroyed by the accident, and demurrage for the boat from the time of the accident till the time she was let off the ways, after being repaired, at the rate of four dollars a day. A reference will be had to ascertain these several amounts.

No costs will be allowed the libellant, for the reason that by far the largest portion of the demand made in his libel is rejected.